UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                 :

CARLOS NARVAEZ,                      :

                            :

                  Plaintiff,      :       24-CV-8531 (JMF)

                            :

           -v-                  :      <u>ORDER APPROVING</u>

                            :         <u>SETTLEMENT</u>

HUDSON PARK NY LLC,         :

                            :

                  Defendant.    :

                            :

----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 21. By Order entered March 24, 2025, ECF No. 22, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* ECF No. 22.

The Court, having reviewed the parties' (belatedly filed) letter, dated March 13, 2025, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See* *Wolinsky*, 900 F. Supp. 2d at 335-36.[1]

The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

In addition, Plaintiff seeks approval of $3150.40 in attorney's fees and costs. *See* ECF No. 27. Although the proposed award of attorney's fees is high relative to the size of the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's

---

[1] Although the letter is addressed to Magistrate Judge Stein, the parties have not consented to his jurisdiction for all purposes; nor has the undersigned referred this motion to Magistrate Judge Stein.

fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Additionally, courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here. In so concluding, the Court makes no findings with respect to the reasonableness of counsel's hourly rate or the reasonableness of the hours that counsel devoted to the case.

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice. All pending motions are moot and the initial pretrial conference scheduled for May 21, 2025, is cancelled.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: May 14, 2025
        New York, New York

_____
JESSE M. FURMAN
United States District Judge